FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUN 29 PM 4:03
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL GARY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 315-040 |
| | ) | |
| HOMER BRYSON, Commissioner; | ) | |
| WILLIAM C. DANFORTH, Warden; | ) | |
| SIDNEY L. NATION, Judge; and | ) | |
| DABNEY F. KENTNER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 7). The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing this case, in which Plaintiff seeks monetary damages for an allegedly improperly calculated sentence, because Plaintiff has accumulated three strikes under the Prison Litigation Reform Act. (See doc. no. 3.) The Magistrate Judge also concluded that Plaintiff had not alleged that he was in imminent danger of serious physical injury such that he should be excused from paying the full filing fee despite having at least three strikes under 28 U.S.C. § 1915(g). (See id. at 3.)

In his objections, Plaintiff contends that he meets the imminent danger exception and should be allowed to proceed IFP because "as I stated in [a] prior petition, I am having

suicidal thoughts and have made attempts to take my own life" stemming from the violation of his rights based on the incorrect calculation of his sentence. (Doc. no. 7, p. 1.) Plaintiff does not identify the "prior petition," but the Magistrate Judge noted in his recommendation that Plaintiff had filed a companion case seeking jail credit but not monetary damages as he had in this case. (Doc. no. 3, p. 3 n.1 (citing Smith v. Danforth, CV 315-039, doc. no. 1 (S.D. Ga. Apr. 23, 2015.)

In CV 315-039, the Magistrate Judge provided Plaintiff with information regarding the procedure for seeking jail credit under 28 U.S.C. § 2241 and gave Plaintiff the opportunity to submit a habeas corpus petition. See CV 315-039, doc. no. 3. However, the Magistrate Judge also explained to Plaintiff in the companion case that a habeas corpus petition would be subject to exhaustion requirements. Id. at 2. In response, Plaintiff moved to voluntary dismiss the companion case because he had a state habeas corpus petition pending. CV 315-039, doc. no. 4. That case was dismissed on June 2, 2015, (CV 315-039, doc. no. 5), and within one week, Plaintiff signed the objections in this case, along with a "Motion for Injunctive Relief," which argues the merits of his sentence calculation claim, and a "Motion for Appointment of Counsel." (Doc. nos. 7, 8, 9.)

Plaintiff's belated, conclusory allegations of imminent danger of serious physical injury in this case based on his claimed suicidal thoughts do not show that he should be excused under 28 U.S.C. § 1915(g) from paying the full filing fee. See Sutton v. District Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (finding general assertions of growing older in prison, and having stress, anxiety, and depression because of an allegedly illegal sentence and conviction do not satisfy imminent danger exception); Skillern v. Paul,

202 F. App'x 343, 344 (11th Cir. 2006) (finding general allegations lacking specific description of a condition that *may* result in serious physical injury in future insufficient to satisfy imminent danger exception); Rasheed v. Owens, No. 5:15-CV-0167, 2015 WL 3447379, at *2 (M.D. Ga. May 28, 2015) ("Vague and unsupported claims of possible dangers likewise do not suffice [to satisfy imminent danger exception]."). Moreover, the Magistrate Judge explained to Plaintiff the process for seeking jail credit in a habeas corpus petition.

Apparently conceding that he had not exhausted available state habeas corpus remedies, Plaintiff dismissed his prior case and sought to obtain the same relief by filing a motion for an injunction in this case to have his sentence re-calculated. Plaintiff can neither evade the exhaustion requirement for habeas corpus relief, see Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015), or evade paying the filing fee with his procedurally improper maneuvering in this case. Therefore, the Court **DENIES** his motion for injunctive relief. (Doc. no. 8.)

The Court likewise **DENIES** the request for appointment of counsel. (Doc. no. 9.) As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Florida Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the

3

issues). Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, as described herein, Plaintiff has extensively presented his position in numerous filings with the Court, but his case his due to be dismissed because his arguments are simply without legal merit.

In sum, the Court **OVERRULES** Plaintiff's objections and **DENIES** his motions for injunctive relief and appointment of counsel. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and for the additional reasons stated herein, **DENIES** Plaintiff's request to proceed IFP, **DISMISSES** this case without prejudice, and **CLOSES** this civil action. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 29th day of June, 2015, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE